**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROBERT D. BREWER and TINA M. BREWER,

    Plaintiffs,

vs.                                                               Case No. 6:12-cv-1633-Orl-37GJK

BANK OF AMERICA, N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC;
JPMORGAN CHASE BANK, N.A.; and
FREDDIE MAC MULTICLASS SERIES
3231,

    Defendants.

**ORDER**

    This cause is before the Court on its own motion. The U.S. Court of Appeals for the Eleventh Circuit has instructed district courts "to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotation marks and citation omitted). Here, Plaintiffs contend that the Court has both federal question jurisdiction and diversity jurisdiction. (Doc. 1, ¶¶ 11, 13.) Upon review of Plaintiffs' Complaint (Doc. 1), the Court is unable to determine whether it has subject-matter jurisdiction over this action.

    28 U.S.C. § 1331 provides district courts with subject-matter jurisdiction over civil actions arising under the Constitution, federal laws, and federal treaties. Plaintiffs aver that the Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201, and 2202, 15 U.S.C. § 1692, 12 U.S.C. § 2605, and 42 U.S.C. § 1983. (Doc. 1, ¶ 11.) Despite these allegations, Plaintiffs only raise state law causes of action—namely, quiet title,

declaratory relief, wrongful foreclosure, and fraud. (Doc. 1, ¶¶ 46–76.) Based on this contradiction, the Court is unable to determine whether Plaintiffs' claims arise under federal law so as to establish federal question jurisdiction.

28 U.S.C. § 1332(a) provides district courts with subject-matter jurisdiction over all civil actions in which the matter in controversy exceeds $75,000 and the parties are completely diverse. Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005). Plaintiffs submit that the amount in controversy is $327,000.00 (Doc. 1, ¶ 13) and that complete diversity exists between the parties (*Id.* ¶¶ 15–19). Plaintiffs are individuals, while Defendants are a national banking association, a corporation, what appears to be a national banking association acting as a trustee, and what appears to be a trust. The Court cannot determine whether it has jurisdiction because the Complaint does not sufficiently establish the citizenship of each of these parties.

For diversity jurisdiction purposes, the citizenship of individuals is determined by their domicile, which "is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that "[c]itizenship, not residence, is the key").

28 U.S.C. § 1348 provides that national banks "shall . . . be deemed citizens of the States in which they are respectively located." *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). As construed by the U.S. Supreme Court, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Id.* at 307.

A corporation "shall be deemed to be a citizen of every State and foreign state by

2

which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Unincorporated associations "do not themselves have any citizenship, but instead must prove the citizenship of each of their members." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

The U.S. Supreme Court has recognized that trustees may sue in their own names when they are the real party to the controversy. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (explaining that a trustee is the real party to the controversy "when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others"). However, trusts are generally treated as unincorporated associations absent factual allegations negating their existence as such. *See Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987).

In view of the above, and after reviewing Plaintiffs' Complaint, the Court finds that Plaintiffs have failed to "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor*, 30 F.3d at 1367. In an amended complaint, Plaintiffs should provide: (1) the federal law under which the action arises sufficient to establish federal question jurisdiction; or (2) the citizenship of each party sufficient to establish diversity jurisdiction—in particular, the nature of each entity, authority for how citizenship is determined for that entity, and that entity's citizenship.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Complaint for Damages (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for want of subject-matter jurisdiction.

2. Plaintiffs may file an amended complaint that affirmatively alleges facts

>demonstrating the existence of subject-matter jurisdiction on or before January 14, 2013.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 13, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record