# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ROBERT D. BREWER and TINA M. BREWER,

      Plaintiffs,

vs.                                             Case No. 6:12-cv-1633-Orl-37GJK

BANK OF AMERICA, N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC;
JPMORGAN CHASE BANK, N.A.; and
FREDDIE MAC MULTICLASS SERIES
3231,

      Defendants.

## ORDER

This cause is before the Court on the following:

1. Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Doc. 19), filed January 28, 2013; and

2. Plaintiffs' Opposition to Defendants' Motion and Motion to Dismiss; Memorandum of Points and Authorities (Doc. 22), filed February 6, 2013.

Upon consideration, the Court hereby grants Defendants' motion to dismiss.

## BACKGROUND[1]

Plaintiffs claim to own property located at 2327 Tuscarora Trail, Maitland, Florida. (Doc. 17, ¶ 6.) While the First Amended Complaint is not a model of clarity, the Court understands Plaintiffs to allege the following: Pinnacle Financial Corporation, doing

---

[1] These factual allegations are taken from the First Amended Complaint (Doc. 17) and are accepted as true for the purposes of considering the instant motion. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court does not make findings of fact at this time.

business as Tri-Star Lending Group ("Tri-Star"), loaned Plaintiffs $327,000.00 on a mortgage for the subject property on May 30, 2006. (*Id.* ¶ 22(a).) As part of a securitization process, Tri-Star then sold the promissory note to a "Sponsor." (*Id.* ¶ 22(b).) The "Sponsor" then sold the note to a "Depositor," who then sold the note to a Real Estate Mortgage Investment Conduit Trust ("the REMIC Trust"). (*Id.* ¶ 22(c)–(d).) Finally, Defendant Freddie Mac Multiclass Series 3231 Trust ("Freddie Mac") "closed all transactions involving all purchased loans" associated with the REMIC Trust on August 30, 2006. (*Id.* ¶¶ 22(e), 29.)

Defendant Bank of America, N.A. ("BANA") is the "purported Master Servicer" of the loan. (*Id.* ¶ 7.) Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") is the "purported Trustee" of the Freddie Mac Trust. (*Id.* ¶ 9.) Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is the "purported Beneficiary under the Mortgage or Deed of Trust." (*Id.* ¶ 10.)

Plaintiffs allege that Tri-Star "failed to properly assign or indorse any documentation which would allow either [Freddie Mac] or [BANA] to claim ownership or control over Plaintiffs' promissory note." (*Id.* ¶ 25; *see also id.* ¶ 30.) Specifically, Plaintiffs allege that the sale of the note to Freddie Mac was invalid because the note was not transferred to Freddie Mac and the assignment was not properly recorded. (*Id.* ¶¶ 23–25, 28.) Plaintiffs contend that they therefore have no obligations to any of the Defendants, whose various purported interests arise out of that sale. (*Id.* ¶ 31.)

Plaintiffs brought suit against Defendants for: (1) quiet title; (2) declaratory judgment; (3) violation of the Truth in Lending Act ("TILA"); and (4) violation of the Fair Debt Collection Practices Act ("FDCPA"). Defendants moved to dismiss. (Doc. 19.) Plaintiffs opposed. (Doc. 22.)

**STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

**DISCUSSION**

1. **TILA**

    Plaintiffs bring a claim pursuant to TILA's notification subsection. Which provides:

    In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—(A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g). Thus, a new creditor must notify a borrower of an assignment within thirty days. Importantly, the accompanying statute of limitations requires that an action pursuant to this subsection be brought within one year of a violation. *Id.* § 1640(e).

Here, Plaintiffs allege that "there are no recorded assignments of the Plaintiffs'

mortgage from [Tri-Star] to [Freddie Mac] within thirty days of the closing date of the [Freddie Mac Trust,] which was August 30, 2006." (Doc. 17, ¶ 29.) Plaintiffs further state that "the failure of [Tri-Star] to record a transfer or assignment of the promissory note to [Freddie Mac] renders the mortgage to be a nullity." (*Id.* ¶ 34.) Plaintiffs allege that Defendants "did not provide Plaintiffs with written notice within thirty (30) days after the date [on] which they were allegedly assigned the mortgage for purposes of ownership or service." (*Id.* ¶ 55.) Plaintiffs filed this action on October 31, 2012 (Doc. 1), years after the statute of limitations ran on any notification violation arising out of the August 30, 2006 transaction. Contradicting this timing, however, Plaintiffs allege that "[a]ny and all violations of 15 U.S.C. § 1641 occurred within one year of the filing of Plaintiff's action and therefore the statute of limitations has been satisfied." (Doc. 17, ¶ 62.)

"Courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductible therefrom, but need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party." *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998) (citations omitted). Plaintiffs make clear factual allegations that the assignment to Freddie Mac closed on August 30, 2006, and that Plaintiffs did not receive notice within 30 days of that transaction. Apart from the transfers to the Sponsor and Depositor as part of the securitization process, which preceded the August 30, 2006 transfer to Freddie Mac (Doc. 17, ¶ 22(c)–(e)), this is the only transaction to which Plaintiffs refer in the First Amended Complaint.[2] The Court will not give the same weight

---

[2] In support of their TILA claim, Plaintiffs state that they were not notified of the "repeated transfers" of the promissory note. (Doc. 17, ¶ 50.) In the absence of any

4

to the inconsistent and legally conclusory averment that all violations of TILA's notification provision occurred within the statute of limitations period. Thus, the Court determines that Plaintiffs allege, at the very latest, a September 29, 2006 violation (thirty days after the August 30, 2006 transaction) of TILA's notification provision.[3] As such, Defendants' motion to dismiss the TILA claim is due to be granted, as the claim is barred by the one-year statute of limitations. In an amended pleading, Plaintiffs may allege a TILA violation that is not barred by the statute of limitations, if one exists. Any claim arising from the August 30, 2006, transaction will be summarily dismissed.

## 2. FDCPA

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e. Though Plaintiffs bring their FDCPA claim against all Defendants (Doc. 17, p. 14), they only allege facts supporting an FDCPA claim against BANA (*id.* ¶¶ 65, 66, 69, 70, 71, 72). As such, the FDCPA claim is due to be dismissed against MERS, JPMorgan, and Freddie Mac.

Even though Plaintiffs allege facts in support of an FDCPA claim against BANA, on the present record, the Court cannot determine if BANA is a "debt collector" within the meaning of the Act. A debt collector is defined as "any person who uses an

---

factual allegations regarding any subsequent transfers of the note, the Court construes this statement as referring to the transfers that took place as part of the securitization process leading up to the transfer to Freddie Mac on August 30, 2006.

[3] While the Court relies only on the First Amended Complaint in making this determination, this conclusion is also supported by Plaintiffs' statements in their response to Defendants' motion to dismiss referring only to transfers to the Sponsor and to Freddie Mac. (Doc. 22, ¶¶ 16, 18, 22.)

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA specifically excludes from the definition of a debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such a person." *Id.* § 1692a(6)(F)(iii).

BANA is the loan servicer for the mortgage (Doc. 17, ¶¶ 7, 65–66) and thus collects debts on behalf of another, Freddie Mac. Therefore, even if BANA regularly collects debts, which is not alleged in the First Amended Complaint, unless Plaintiffs were in default at the time that BANA became the loan servicer, BANA is not a debt collector within the meaning of the Act. Because Plaintiffs fail to allege that they were in default at the time BANA began servicing their loans, they have not adequately demonstrated that BANA is a debt collector such that they would be entitled to relief under the FDCPA. *See Brumberger v. Sallie Mae Servicing Corp.*, 84 F. App'x 458, 459 (5th Cir. 2004) (affirming a district court's dismissal of an FDCPA claim where the plaintiff did not allege that he was in default at the time the defendant began servicing his loans); *see also Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) (dismissing an FDCPA claim because the Act "explicitly excludes mortgage servicing companies where the debt was not in default at the time it was assigned"). As such, the FDCPA claim is due to be dismissed against BANA. In an amended pleading, Plaintiffs should allege when, if at all, Plaintiffs went into default and when BANA became the loan servicer. Any FDCPA claim that omits these allegations will be

summarily dismissed.

### 3. State Claims

Other than the TILA and FDCPA claims, Plaintiffs' other claims are state law claims (quiet title and declaratory judgment[4]). Because Plaintiffs have no surviving federal claims and have established no other basis for subject-matter jurisdiction,[5] the Court declines to exercise supplemental jurisdiction over the state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, the remaining claims are due to be dismissed.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Doc. 19) is **GRANTED**.

2. The First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiffs may, on or before March 29, 2013, file a second amended complaint that conforms to the strictures set forth in this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 12, 2013.

ROY B. DALTON JR.
United States District Judge

---

[4] Plaintiffs' declaratory judgment claim is based on state property law as Plaintiffs seek "a determination of the validity of the current mortgage held against title to the property." (Doc. 17, ¶ 47.)

[5] As discussed in the Court's previous Order (*see* Doc. 16, pp. 2–4), Plaintiffs fail to adequately allege diversity jurisdiction, as they again fail to properly plead the citizenship of each party.

7

Copies:

Counsel of Record